## NOFFSINGER v. TRITT.

[No. 11,986.   Filed December 16, 1924.   Rehearing denied April 10, 1925.]

1.  APPEAL.—*When a ditch assessment made under Ohio law became a lien was a question of fact for trial court.*—In an action for breach of covenants in the conveyance of land in Ohio, based on a ditch assessment covering the land conveyed, the question as to when the assessment was made and became a lien and as to what the law of Ohio on that subject was at the time the deed was executed, was one of fact for the trial court, and its judgment must be affirmed if there was any evidence to sustain the finding.   p. 686.

2. COVENANTS.—*Evidence held sufficient to sustain court's finding that drainage assessment was a lien on land conveyed.*— In an action for breach of covenants in the conveyance of land in Ohio, evidence *held* sufficient to sustain trial court's finding that drainage assessment was a lien on the land at the time of its conveyance to the plaintiff. p. 686.

From Randolph Circuit Court; *Alonzo L. Bales,* Judge.

Action by Frank T. Tritt against Amanda E. Noffsinger. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John W. Macy,* for appellant.
*Shockney, Chattin & Wise,* for appellee.

McMAHAN, J.—Complaint by appellee to recover damages by reason of an alleged breach of a warranty contained in a deed dated May 14, 1919, whereby appellant conveyed certain real estate in the State of Ohio to appellee. A trial by the court resulted in a judgment in favor of appellee in the sum of $725.

The complaint alleged that the real estate so conveyed to appellee was at the time of such conveyance subject to an encumbrance by reason of an assessment for the construction of what is known as the Mitchell lateral of the Mississinewa river drainage system. This system of drainage was located in Randolph county, Indiana, and Darke county, Ohio, and was constructed under the interstate drainage law (Acts 1913 p. 884, §§6151a-6151t Burns 1914). The Mitchell lateral empties into the main ditch about three-quarters of a mile west of the Ohio-Indiana state line and in its course crosses the state line three times. Part of the land affected by the main ditch and the lateral and assessed as benefitted by reason thereof is in Ohio, and part in Indiana.

The controversy between appellant and appellee relates to the time when the assessment for the construc-

tion of said lateral became a lien on the land. The assessment of the lands in Ohio affected by the lateral was not spread of record and extended on the tax-duplicate until sometime in 1920. The evidence does not disclose when said drainage proceeding was commenced, although it was prior to September 14, 1917, as, on that day, the commissioners of Darke county, Ohio, made and entered of record an order adding a certain per cent. to the apportionment to provide a fund for the payment of damages and compensation and other costs and expenses of the improvement, and ordering that the assessments for this improvement be paid in three years of six semi-annual payments and also ordering the engineer to advertise and sell the contract for the construction of the work.

Sections 6489, 6490, 6457 and 6460 of the Ohio General Code were introduced in evidence, the parties agreeing that these sections govern drainage procedure in Ohio. These sections provide that when the "working sections of the improvement are let and the costs and expenses and all compensation and damages are ascertained the county commissioners shall meet and determine at what time and in what number assessments they will require them to be paid, and order that such assessments be placed on the duplicate" against the lands assessed; that when the commissioners make an assessment they shall cause an entry to be made directing the auditor to make and furnish the treasurer of the county a special duplicate with the assessments arranged thereon, as required by their order. All of such assessments are collected as taxes. If the county commissioners find the apportionment made by the county surveyor is unfair and unjust they are authorized to amend it. Provisions are also made for apportioning an assessment when an owner of any tract of land sells a part thereof.

The commissioners of Randolph county, Indiana, and the commissioners of Darke county, Ohio, acting in union, agreed that the entire work should be let as a whole. Following this, each board advertised that the contract for the improvement of the river in each county would be let March 14, 1918.

The assessments for the Mississinewa river drainage system were placed on record in Darke county, in 1917. The land sold by appellant to appellee being assessed in the name of John S. Harper the then owner as benefitted on account of the Mitchell lateral which was a part of the Mississinewa drainage system. The assessments for the Mitchell lateral should have been placed on the tax duplicate the same time the assessments for the main ditch were placed on the duplicate. The auditor of Darke county however failed to place the assessments for the lateral on the duplicate as he was directed to do by the commissioners of the county. The land in Ohio, including the land sold by appellant, was assessed as benefitted by reason of the Mitchell lateral in the sum of $5,045, and it was agreed by the commissioners of Darke county, that said sum was the amount that should be paid to Randolph county, Indiana, as a compensation for Darke county's share of the costs of the improvement and for the outlet furnished for water flowing into said lateral from Darke county, such payment to be made as the assessments were collected. The failure of the auditor of Darke county to place the assessments on account of the lateral on the tax duplicate was not discovered until the commissioners of Randolph county called on the Ohio authorities in 1920 for the $5,045. When the commissioners of Darke county learned of such failure of the auditor of that county, they ordered the whole of such assessments to be placed on the duplicate, which was done, and since the last installment of the assessments was due and payable in

1920, the whole of the assessments for the lateral was placed on the duplicate as being due and were paid in 1921. Ditch assessments in Ohio when made, are by the surveyor delivered to the county auditor and filed. The county commissioners order them placed on the tax duplicate. The commissioners of Darke county let the contract for the construction of the part of the main ditch in that county for $22,100.

It is not for this court to decide when the assessment in question was made or when it became a lien on the real estate, or what the law of Ohio is. Those were questions of fact for the trial court, and if there is any evidence to sustain the finding that the assessments were made and became a lien prior to the conveyance to appellee, the judgment must be affirmed. The records of the commissioners of Darke county bearing on the subject were introduced in evidence. These records refer to the assessments as having been made and to an order made by the commissioners for the auditor to make a duplicate of the assessments and to deliver the same to the treasurer for collection. This was prior to the making of the conveyance to appellee. Witnesses learned in the law of Ohio testified that, under the law of that state, the assessments had to be made at or prior to the making of some of these orders, and that it was a lien on the real estate from the time it was made, notwithstanding the auditor failed to place it on the tax duplicate. Some of these witnesses read from and interpreted the law of Ohio as decided by the courts of last resort in that state. The assessments made by the surveyor were filed with the auditor. The trial court found as a fact that the assessment on the land sold to appellee was a lien on such land at the time of such conveyance, and there is evidence to sustain this finding.

The condition of the record as it comes to us is con-

fusing and unsatisfactory, but a careful study of the same convinces us that a correct result has been reached and that there was no error in overruling the motion for a new trial.

Judgment affirmed.